UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH KOLODZIEJ, et al.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Plaintiffs,⠀⠀⠀)⠀⠀⠀⠀Case No. 1:06-cv-820
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Honorable Janet T. Neff
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
KRISTYN GOSCIAK, et al.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀**REPORT AND RECOMMENDATION**
⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀)
_____)

⠀⠀⠀⠀⠀⠀This is a civil action arising under state law and falling within this court's diversity

jurisdiction. 28 U.S.C. § 1332(a). Plaintiffs Joseph Kolodziej and Tamara Kolodziej are husband

and wife. They bring this action on their own behalf, in addition to purportedly suing on behalf of

a minor identified as "N.J.K." Plaintiffs' claims arise from a real estate transaction involving

property located in West Seneca, New York, and an investment account with Smith Barney (now

CitiGroup Global Markets, Inc.) opened in New York by Raymond and Agnes Kolodziej (the parents

of Joseph Kolodziej) and later transferred to defendant Kristyn Gosciak, Joseph Kolodziej's sister.

Plaintiffs allege common-law claims, including negligence, intentional infliction of emotional

distress, malpractice, and undue influence arising from these transactions.

⠀⠀⠀⠀⠀⠀Plaintiffs, who are citizens of the State of Michigan, are proceeding *in pro per*. They

initiated this action by filing a multi-part complaint on November 16, 2006. Plaintiffs filed an

amended complaint (docket # 7) on January 26, 2007, consisting of 257 pages of allegations plus

exhibits. The amended complaint purports to be signed by both plaintiffs, on their own behalf, and

on behalf of their minor child.  The amended complaint charges defendant Gosciak with fraud and

undue influence in her handling of the affairs, and later the estate, of their parents Raymond and

Agnes Kolodziej.  Plaintiffs' claims, however, seem to focus on the New York real estate and the

CitiGroup investment account.  Plaintiffs assert that they were defrauded of their interests in the real

estate and investment account by forgery, undue influence, and misrepresentation.

>    All defendants have filed dispositive motions.  By order of reference dated January

31, 2008 (docket # 37), District Judge Janet T. Neff referred all dispositive motions to me for the

issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P.

72(b).  Having reviewed the submissions of the parties, I conclude that plaintiffs lack standing to

assert the claims of their minor child.  I further conclude that venue in this action is clearly improper

in the Western District of Michigan, and that the case should be transferred in the interests of justice

to the Western District of New York, the only proper federal forum.  I therefore recommend that

"N.L.K." be dismissed as a plaintiff and that this case be transferred to the United States District

Court for the Western District of New York.

## **Proposed Findings of Fact**

>    For present purposes, it is unnecessary to delve deeply into the details of plaintiffs'

claims.  The affidavits and exhibits now before the court establish the following facts relevant to the

pending motions.

### 1.    **Parties**

>    Plaintiff Joseph Raymond Kolodziej is presently an inmate of the Michigan

Department of Corrections, serving a sentence of 2 years 11 months to 14 years after pleading guilty

to a charge of forgery in the Emmet County Circuit Court.  His wife, Tamara Kolodziej, is a resident of Petoskey, Michigan.  All named defendants are citizens of the State of New York.  Defendant Kristyn Gosciak, who is Joseph Kolodziej's sister, is a resident of Erie County, New York.  Defendant Thomas Deuschle, an attorney, lives and practices in Erie County, New York.  Defendant Donna Starnes is a broker associate licensed by the State of New York and associated with defendant Hunt Real Estate ERA.  She is a resident of Erie County, New York, and Hunt Real Estate ERA is headquartered in that state.  The residential real estate that forms the basis for some of plaintiffs' claims is also located in Erie County, New York.  Defendant CitiGroup Global Markets, Inc. (formerly known as Salomon, Smith, Barney, Inc.) is a New York corporation with principal executive offices in New York City.  It is a wholly-owned subsidiary of CitiGroup, Inc. and engages in a full service securities and investment banking business.  The claims against CitiGroup arise from the handling of certain investment accounts opened by Raymond and Agnes Kolodziej at a branch law office located in Amherst, New York.

### 2.    Plaintiffs' Claims

As noted above, plaintiffs' claims in this case arise both from a real estate transaction and an investment account.  The real estate claims involve residential property located at 140 Cranwood Drive, West Seneca, New York.  This property was owned by Raymond and Agnes Kolodziej, parents of plaintiff Joseph Kolodziej and defendant Kristyn Gosciak.  After Raymond's death, Agnes Kolodziej deeded the real property to her three children:  Joseph Kolodziej, Kristyn Gosciak, and Karen Kolodziej.  After their mother's death in November 2004, the owners sought to sell the property.  Kristyn Gosciak and Karen Kolodziej retained defendant Thomas Deuschle to

represent them during the sale.  Mr. Deuschle was also retained to administer the estate of Agnes

Kolodziej by the administratrix of that estate Kristyn Gosciak.  To facilitate the transaction, plaintiff

Joseph Kolodziej executed a general power of attorney in favor of plaintiff Tamara Kolodziej, his

wife, as Mr. Kolodziej was then an inmate of the Michigan Department of Corrections.  The power

of attorney was dated January 20, 2005.

On April 8, 2005, defendant Kristyn Gosciak signed an agency contract with

defendants Donna Starnes and Hunt Real Estate ERA, granting that real estate broker an exclusive

right to represent the owners in connection with the sale of the real estate.  The agency contract

purportedly was signed by Tamara Kolodziej pursuant to her power of attorney to act for Joseph

Kolodziej.  Thereafter, Tamara Kolodziej purportedly signed a purchase agreement and an addendum

to the purchase agreement, again pursuant to her power of attorney to act on behalf of her husband.

On May 6, 2005, a New York attorney named Patrick A. Makin, who had been retained by Joseph

Kolodziej to represent his interests in the transaction, sent a letter to the seller's counsel indicating

that he had reviewed the sales documents on behalf of Joseph Kolodziej and had approved them as

to legal form.  On May 16, 2005, Attorney Makin presented a New York mortgage agency property

seller's affidavit purportedly signed by plaintiff Joseph Kolodziej, confirming the location of the real

estate and the purchase price of $125,000.00.  Attorney Makin delivered this affidavit to the

defendant real estate agency on May 19, 2005.  The real estate transaction closed on July 7, 2005,

with each co-owner (including plaintiff Joseph Kolodziej) receiving a total payment of $37,300.47.

Plaintiffs challenge the real estate transaction on a number of grounds, contending

that Joseph Kolodziej's name was forged on certain documents, that his sister Kristyn Gosciak is

guilty of fraud and undue influence, that she retained Attorney Deuschle and real estate agent Starnes

-4-

without authority, and that all defendants (except CitiGroup) conspired to deprive plaintiffs of their rights in this property.

Plaintiffs assert distinct claims against CitiGroup and Kristyn Gosciak arising from the handling of certain investment accounts opened by Raymond and Agnes Kolodziej at the Amherst, New York, office of Salomon, Smith, Barney, CitiGroup's corporate predecessor. The records in the possession of CitiGroup indicate that after the death of Raymond, Agnes Kolodziej designated Kristyn Gosciak as the primary beneficiary of certain accounts. Plaintiffs dispute the validity of that designation, charging that Kristyn Gosciak exercised undue influence over her mentally unstable mother to change the designation of beneficiary. Plaintiffs allege that CitiGroup was negligent and that it breached a contract with plaintiff Joseph Kolodziej in allowing the change of beneficiaries.

Plaintiffs seek an award of compensatory damages exceeding $1 million, plus an award of punitive and exemplary damages.

## C.    Pending Motions

All defendants have filed dispositive motions. Defendant Kristyn Gosciak has moved to dismiss for lack of personal jurisdiction or for improper venue. Defendant Thomas Deuschle has also moved to dismiss for lack of personal jurisdiction or for improper venue. Defendants Hunt Real Estate ERA and Donna Starnes challenge the standing of Joseph Kolodziej to sue on behalf of his wife and the minor child N.J.K. They also seek dismissal for lack of personal jurisdiction and for improper venue. Defendant CitiGroup challenges the standing of Joseph Kolodziej to sue on behalf of his wife and child. It also seeks dismissal for improper venue. Alternatively, CitiGroup invokes

a binding arbitration clause in the customer agreement signed by Agnes Kolodziej.  Finally, CitiGroup seeks an order of impleader to protect it from competing claims to the investment accounts asserted by plaintiffs and Kristyn Gosciak.  Plaintiffs have filed responses to each pending motion.

## Discussion

### I.      Standing

Two of the moving defendants challenge the standing of Joseph Kolodziej, a *pro se* plaintiff, to assert claims on behalf of his wife Tamara and his minor child N.J.K.  The moving defendants assert that the signatures purporting to be those of plaintiff Tamara Kolodziej were in fact made by her husband Joseph.  Plaintiffs dispute this characterization, asserting that plaintiff Tamara Kolodziej has at all times signed on her own behalf.

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C. § 1654.  That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654 (emphasis added).  The statute clearly makes no provision for a *pro se* party to represent others.  The federal courts have long held that section 1654 preserves a party's right to proceed *pro se*, but only with respect to his own claims.  Only a licensed attorney may represent other persons.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *accord Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003) (*pro se* party may not

prosecute a wrongful death action on behalf of other beneficiaries).  The Sixth Circuit considers this

issue as one of lack of standing.  *See Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at * 1 (6th Cir.

Apr. 13, 1992).  The lack of standing implicates the case-or-controversy requirement of Article III,

*see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and therefore is a threshold issue in

every federal case.  *See Midwest Media Prop. L.L.C. v. Symmes Township, Ohio*, 503 F.3d 456, 469-

70 (6th Cir. 2007).

    The foregoing authorities clearly deprive Joseph and Tamara Kolodziej, who are not

attorneys, of standing to represent the interests of their minor child.  Plaintiffs nevertheless argue that

as parents of N.J.K., they should be allowed to assert her interests as attorneys-in-fact, relying on two

opinions of the Michigan Attorney General dating from the 1930's.  The Michigan Attorney General

opinions do not stand for the proposition for which they are cited and, more basically, do not govern

the question of standing in the federal courts.  All claims purportedly brought on behalf of N.J.K.,

a minor, are improperly before the court and must be dismissed.

    The status of the claims of Tamara Kolodziej are not so clear.  Under the authorities

cited above, Joseph Kolodziej would not have standing to assert claims on behalf of his wife Tamara.

Section 1654, however, does allow her to assert claims *in pro per* on her own behalf.  Rule 11(a) of

the Federal Rules of Civil Procedure requires that Tamara sign all pleadings and other papers herself,

and would not allow her husband to sign for her.  Defendants assert that Joseph Kolodziej has signed

on behalf of Tamara, but plaintiffs dispute this assertion.  This issue must be resolved by proof, not

assertion.  Signatures purporting to be those of Tamara appear on the complaint and other filings.

It will be a rather simple matter to have Tamara appear in person at a deposition or in court, in order

to ascertain whether she is in fact prosecuting her own claims and has signed on her own behalf.

Until these facts are established, a ruling is premature.  I therefore recommend that the motion to dismiss her claims for lack of standing be denied without prejudice.

## II.     Improper Venue

Both plaintiffs are citizens of the State of Michigan, and all defendants are citizens of the State of New York.  Complete diversity of citizenship therefore exists and, in light of the amount in controversy, the district courts of this country have subject-matter jurisdiction to entertain this case, even though all claims arise under state law.  28 U.S.C. § 1332(a).  All defendants, however, have moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3) for lack of proper venue.  I find that the challenge to venue is meritorious.

Proper venue in a diversity case is governed by 28 U.S.C. § 1391(a), which provides as follows:

> (a)     A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

If the court finds that a case has been filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The record in this case, including the allegations in plaintiffs' lengthy amended complaint, conclusively demonstrate that venue in the Western District of Michigan is improper under any of the three prongs of the venue statute.  *Section 1391(a)(1)* focuses solely on the residence

-8-

of the defendants.  It allows suit in a district where "any defendant resides, if all defendants reside in the same State."  All defendants do indeed reside in the same state, but that state is New York.  Subsection (1) therefore does not authorize suit in the Western District of Michigan, where *no* defendant resides.

Section 1391(a)(2) provides a transactional test.  Under subsection (2), the case may be brought in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred" or in the district where "a substantial part of property that is the subject of the action is situated."  This statute, as amended in 1990, contemplates that venue may be proper in more than one district.  The issue is not which forum is the "best" venue, but whether the district has a "substantial" connection to plaintiffs' claims, even if other districts have greater contacts.  *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).  Even under this relaxed standard, plaintiffs cannot lay venue in the Western District of Michigan.  Plaintiffs' complaint alleges no act or omission that occurred in the State of Michigan.  All defendants acted in the State of New York, the probate and real estate transactions took place there, the purported designation of beneficiary occurred there, and the investment accounts were opened in New York and remain there.  All acts and omissions giving rise to plaintiffs' claims occurred in New York.  Consequently, *no* part of the events or omissions giving rise to the claim occurred in the State of Michigan, let alone a substantial part thereof.

Plaintiffs assert that the foreseeable harm of defendants' alleged misdeeds took place in this state, but that is not sufficient for venue purposes.  The leading treatise on federal procedure summarizes the rule as follows:

> Most courts have found that the suffering of economic harm within a district
> is not sufficient without more to warrant transactional venue in that district.  This is
> probably the correct view, because otherwise venue most always would be proper at
> the place of the plaintiff's residence, an option that Congress explicitly removed with
> the 1990 amendments to the diversity portion of the statute.

14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE

& PROCEDURE § 3806.1 at 215-16 (3d ed. 2007).  The cases overwhelmingly support this conclusion.

*See, e.g., Lomanno v. Black*, 285 F. Supp. 2d 637, 642-43 (E.D. Pa. 2003) (all events giving rise to

defamation claim, including publication, occurred outside district; venue in the district of plaintiff's

residence was not created by the occurrence of the alleged injury there); *Greenblatt v. Gluck*, 265

F. Supp. 2d 346, 352 (S.D.N.Y. 2003) (fact of injury, standing alone, did not rise to the level of

significance required by § 1391(a)(2)); *Clark Prods., Inc. v. Rymal*, No. 02 C 6893, 2002 WL

31572569, at * 4 (N.D. Ill. Nov. 19, 2003) (section 1391(a)(2) does not apply when tortious acts

causing injury within forum state occurred outside of forum state).  Consequently, even crediting

plaintiffs' assertion that defendants' acts and omissions caused foreseeable harm in the State of

Michigan, that harm is insufficient to support a conclusion that a *substantial* part of the events or

omissions giving rise to the claim occurred in this state.  Furthermore, plaintiffs cannot take

advantage of the second phrase of subsection (2), as none of the property that is subject to the action

is situated in this state.  Like all other contacts involved in this case, that property is located in the

Western District of New York.

Section 1391(a)(3) is a "catchall" or "fallback" provision.  It applies "when, and only

when, there is no district in which a case otherwise could be brought in accordance with the venue

statute."  14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL

PRACTICE & PROCEDURE § 3806.2 at 233; *see Lomano*, 285 F. Supp. 2d at 642.  Subsection (3) is

therefore inapplicable in this case, as venue is clearly appropriate in the Western District of New

York.

On the foregoing basis, I find that venue is clearly improper in the Western District

of Michigan.  The Judicial Code empowers the court in such circumstances to either dismiss the case

for improper venue or transfer it to a district in which the action could have been brought, if a

transfer would serve the interests of justice.  28 U.S.C. § 1406(a).[1]  The question whether to cure a

lack of proper venue by dismissal or transfer lies in the discretion of the district court.  *See First of*

*Mich.*, 141 F.3d at 262.  Normally, if there is another district in which the action could have been

brought, transfer is preferred to the harsh remedy of dismissal.  *See Minnette v. Time-Warner*, 997

F.2d 1023, 1026-27 (2d Cir. 1993).  Any dismissal for improper venue must be without prejudice,

which allows the case to be brought again in the proper venue.  *See* FED. R. CIV. P. 41(b) (dismissals

for improper venue are not adjudications on the merits); *Missouri v. Soybean Ass'n v. United States*

*EPA*, 289 F.3d 509, 513 (8th Cir. 2002); *In re Hall, Bayoutree Assoc, Ltd.*, 939 F.2d 802, 804 (9th

Cir. 1991).  The courts hold that transfers are ordinarily in the interest of justice, because dismissal

of an action that could be brought elsewhere is "time-consuming" and may defeat the ends of justice.

*See, e.g., Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059-60 (N.D. Ill. 2002).

Where, as here, the transferee court clearly would have personal jurisdiction over all defendants,

venue in the transferee court would be proper, and a transfer would save the parties the time and

---

[1] Section 1406(a) applies only when venue is improper in the forum state.  Section 1404(b) allows transfers, on grounds of convenience, when venue is proper in the forum state.  Section 1406(a) is clearly the appropriate source of authority for transfer in the present case.  *See Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007).

expense of refiling the lawsuit, a transfer rather than a dismissal is in the interest of justice. *See Capital Bank Int'l, Ltd. v. CitiGroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003).

Only plaintiffs and defendants Hunt Real Estate ERA and Donna Starnes have addressed the possibility of a transfer. Plaintiffs appear at points to be amenable to a transfer, but seek to impose a number of unreasonable conditions, which they are in no position to demand. (*See, e.g.*, Plaintiffs' Response at 14-15, docket # 20). In their reply brief (docket # 24, p. 6), defendants Hunt Real Estate ERA and Donna Starnes strenuously object to a transfer, but their reasons are less than insubstantial. First, they rely on the fact that they seek dismissal, not a transfer of venue. The court's statutory power under section 1406(a) is a matter of discretion and does not require the consent of defendants. Worse than this, these defendants assert that "the pertinent federal statute *requires* the dismissal of the matter filed in the wrong district. 26 U.S.C. § 1406(a)." (Reply Brief at 6, docket # 24, emphasis in original). No lawyer capable of reading the English language could come to that conclusion after reviewing section 1406(a), and these defendants cite no case supporting that position. Indeed, in each of the cases cited by these defendants, the court elected to transfer the case under section 1406(a) rather than dismiss it. *See Hoffman v. Fairfax County Redev. & Housing Auth.*, 276 F. Supp. 2d 14, 19 (D.D.C. 2003); *Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 588 (E.D. Pa. 2003); *Dashman v. Peter Letterese & Assoc., Inc.*, 999 F. Supp. 553, 555 (S.D.N.Y. 1998). Counsel is guilty of deplorable scholarship. Beyond these unsupportable assertions, these defendants offer no reason why a transfer would not be in the "interests of justice" within the meaning of section 1406(a). Rather, they ignore the issue altogether. Simply put, no defendant objecting to improper venue can plausibly claim prejudice arising from a transfer to the defendant's home district.

In the landmark case of *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), the Supreme Court held that a court may transfer an action under section 1406(a) to cure improper venue, whether or not the transferor court had personal jurisdiction over defendants, as long as the transferee court does have personal jurisdiction over them.  Consequently, the difficult question whether this court has jurisdiction over the defendants in this case need not be reached, as a transfer to the United States District Court for the Western District of New York (a district in which all defendants reside) cures both improper venue and the lack of personal jurisdiction.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180-81 (1979) (court may address venue issue before personal jurisdiction when venue clearly improper); *Flynn v. Greg Anthony Const. Co.*, 95 F. App'x 726, 738-741 (6th Cir. 2003) (court abused its discretion in dismissing some defendants for lack of personal jurisdiction and the then transferring case for improper venue under section 1406(a), when a transfer would have cured jurisdictional defect); *Hoffman v. Fairfax County Redev. & Hous. Auth.*, 276 F. Supp.2d 14, 16 (D.D. C. 2003) (transferring for lack of proper venue is dispositive and obviates need to address personal jurisdiction); *Loeb v. Bank of Am.*, 254 F. Supp. 2d at 585 (not necessary to examine transferor court's personal jurisdiction, as court may transfer based on improper venue alone).

### **Recommended Disposition**

I recommend that the pending motions be decided as follows:

A.     Motion to Dismiss of Defendants Hunt Real Estate ERA and Donna Starnes (docket # 9).  The motion to dismiss all claims of minor N.J.K. should be granted, but the request to dismiss the claims of plaintiff Tamara Kolodziej should be denied, without prejudice.  The motion challenging venue should be granted, but

the remedy should be a transfer to the Western District of New York.  The motion to dismiss for lack of *in personam* jurisdiction should be denied as moot, in light of the transfer to a district having personal jurisdiction over the moving defendants.

       B.     <u>Motion of Defendant Kristyn Gosciak to Dismiss for Lack of Personal Jurisdiction or Improper Venue (docket # 10)</u>.  Kristyn Gosciak's objection to proper venue should be sustained, but the matter should not be dismissed but transferred to the Western District of New York.  The motion to dismiss for lack of personal jurisdiction should be denied, in light of the transfer to the Western District of New York.

       C.     <u>Motion to Dismiss by Defendant Thomas Deuschle (docket # 11)</u>.  Thomas Deuschle's objection to proper venue should be sustained, and the case transferred to the Western District of New York in lieu of dismissal.  His request to dismiss for lack of *in personam* jurisdiction should be denied in light of the transfer.

D.    <u>Motion of CitiGroup, Inc. to Dismiss and for Other Relief (docket #</u>

<u>25)</u>.  The motion of defendant CitiGroup to dismiss all claims brought on behalf of

the minor N.J.K. should be granted for lack of standing, but the motion to dismiss the

claims of Tamara Kolodziej should be denied without prejudice.  CitiGroup's

challenge to venue should be sustained, but the matter should be transferred to the

Western District of New York in lieu of dismissal.  CitiGroup's alternative requests

for enforcement of the arbitration agreement or for interpleader should be left for

decision by the transferee court.


Dated:  February 12, 2008          /s/  Joseph G. Scoville
                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).