UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH KOLODZIEJ and
TAMARA KOLODZIEJ Acting on
Behalf of (Minor Child),

                    Plaintiff,

v.

KRISTYN GOSCIAK, THOMAS DEUSCHLE,
DONNA STARNES, HUNT REAL ESTATE
ERA., CITI GROUP, a/k/a
SOLOMON SMITH BARNEY,

                      Defendants.

**REPORT AND RECOMMENDATION**

08-CV-00251(A)(M)

---

This action was referred to me by Hon. Richard J. Arcara to conduct "all pre-trial matters", including "hearing and disposition of all non-dispositive motions" and to "hear and report upon dispositive motions" (Dkt. #50). Before me are the remaining aspects of the motion by defendant Citigroup Global Markets, Inc. ("Citigroup") (sued herein as "Citi Group, a/k/a Solomon Smith Barney")[1] to dismiss plaintiffs' complaint[2] in favor of arbitration, or in the alternative, for interpleader relief (Dkt. #26, Points III and IV). For the following reasons, I recommend that the motion be GRANTED in part and DENIED in part.

---

[1] Salomon Smith Barney is incorrectly named in the Complaint as "Solomon Smith Barney".

[2] Although the docket sheet refers to this document as an "Amended Complaint" (Dkt. #7), the document itself is entitled "Complaint".

## BACKGROUND

**A.     Procedural Background**

This action was originally commenced in the United States District Court for the Western District of Michigan, Southern Division (Case No. 1:06-CV-820). While the case was pending in that district, all of the defendants filed dispositive motions. The case was transferred to this district by the March 20, 2008 Decision and Order of Hon. Janet T. Neff, which also dismissed the minor plaintiff N.L.K. from the case (Dkt. #39). All other aspects of defendants' motions were denied, with the exception of that portion of Citigroup's motion seeking to compel arbitration or, in the alternative, for interpleader relief. Those issues were left for decision by this court (Dkt. #38, p. 15).

**B.     Factual Background**

Plaintiff Joseph Kolodziej, defendant Kristyn Gosciak, and non-party Karyn Kolodziej are the children of Raymond and Agnes Kolodziej (Dkt. #7, Plaintiffs' Statement of Facts). Plaintiff Tamara Kolodziej is Joseph Kolodziej's wife. Id.

Raymond and Agnes Kolodziej jointly owned certain investment accounts with Salomon Smith Barney, Citigroup's predecessor in interest. Affidavit of Kristyn Gosciak (Dkt. #10), ¶13. Raymond Kolodziej died on March 10, 2003, and ownership in the accounts thereafter vested in Agnes Kolodziej. Plaintiffs' Statement of Facts (Dkt. #7); Affidavit of

Kristyn Gosciak, (Dkt. #10), ¶14. On March 21, 2003, Agnes Kolodziej opened two Citigroup accounts (#158-61919 and #158-64110), naming Kristyn Gosciak as the beneficiary (Dkt. #7, Ex. D). Agnes Kolodziej died on November 25, 2004. Affidavit of Kristyn Gosciak (Dkt. #10), ¶8.

Plaintiffs allege that Citigroup was negligent in permitting Ms. Gosciak to "exert undue influence upon Agnes Kolodziej when updating the accounts of Raymond Walter Kolodziej less than a week after Raymond's burial", and that naming Ms. Gosciak as primary beneficiary was in contradiction to Raymond Kolodziej's express wish that these monies would be divided equally among his children following Agnes' death. Complaint (Dkt. #7), Eighth Cause of Action.

## DISCUSSION AND ANALYSIS

### A.   Citigroup's Motion to Dismiss in Favor of Arbitration

In support of its motion to dismiss plaintiff's complaint in favor of arbitration, Citigroup relies on the IRA Client Agreement executed by Agnes Kolodziej on March 21, 2003 for account #158-64110, in which she acknowledged that she received a copy of the Client Agreement that "contains a pre-dispute arbitration clause in Paragraph 6". Citigroup's Brief (Dkt. #26), Ex.1. The arbitration clause contained in the Client Agreement provides in relevant part:

> "I agree that all claims or controversies, whether such claims or controversies arose prior, on or subsequent to the date hereof, between me and SSB[3] and/or any of its present or former offices, directors, or employees concerning or arising from (i) any account maintained by me with SSB individually or jointly with others in

---

[3]   "SSB" refers to Salomon Smith Barney.

any capacity; (ii) any transaction involving SSB or any predecessor firms by merger, acquisition or other business combination and me, whether or not such transaction occurred in such account or accounts; or (iii) the construction, performance or breach of this or any other agreement between us, any duty arising from the business of SSB or otherwise, shall be determined by arbitration before, and only before, any self-regulatory organization or exchange of which SSB is a member. I may elect which of these arbitration forums shall hear the matter by sending a registered letter or telegram addressed to Salomon Smith Barney Inc. . . . If I fail to make such election before the expiration of five (5) days after receipt of a written request for SSB to make such election, SSB shall have the right to choose the forum. (Dkt. #26, Ex. 2).

Plaintiffs respond to Citigroup's motion by stating that "in the spirit of resolution and conserving the courts [sic] resources the plaintiffs will agree to arbitration and stipulate to this form or resolution under the following conditions", including that the arbitration will be mutually binding, that the assets in question will be frozen pending the outcome of the arbitration, that the dismissal of plaintiffs' claims will not become final until the "arbitration or any settlement agreement is filed with the Court", that Citigroup will "draw up an Arbitration Agreement within the next 30 days. . . subject to the plaintiffs ratification", and that the arbitration will take place at a time mutually agreeable to all parties. Plaintiffs' Response (Dkt. #32), Point III. Plaintiffs also executed and filed a "Stipulation to Arbitration Between Plaintiffs and Defendant Citigroup" (Dkt. #33).

1.  **Have Plaintiffs Consented to the Arbitration Demanded by Citigroup?**

"Arbitration is a matter of contract and a party cannot be compelled to submit to arbitration any dispute which he has not agreed so to submit." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). While Citigroup argues that plaintiffs "clearly concede the

arbitrability of their claims and consent to the relief sought by Citigroup that their claims be decided in an arbitration forum", Citigroup's Reply (Dkt. #34), pp. 1-2, plaintiffs respond that they "can only be bound by agreement they make, and no agreements can be made for them without their expressed written consent". Plaintiffs' Response (Dkt. #32), p. 4. Because plaintiffs state that they will arbitrate their claims only if the parties formalize an arbitration agreement (Dkt. #33, ¶1; #32, p. 4, ¶e), they have not thereby expressly agreed to arbitrate pursuant to the arbitration clause of the Client Agreements executed by Agnes Kolodziej.

### 2.    Are Plaintiffs Third Party Beneficiaries of the Client Agreements?

In the alternative, Citigroup argues that although plaintiffs did not execute the Client Agreements, "courts have bound parties claiming to be third party beneficiaries of a contract - such as the Plaintiffs in the instant case - to an arbitration clause in such contract, even though they are not signatories on the contract". Citigroup's Brief (Dkt. #26), p. 6; In re HBLS, L.P., 2001 WL 1490696, *9 (S.D.N.Y. 2001) ("third party beneficiaries of a contract will . . . be bound by an arbitration clause under ordinary principles of contract").

Therefore, I must determine whether plaintiffs are third party beneficiaries of the Client Agreements. Under New York law,[4] "a third-party beneficiary exists . . . only if the parties to that contract intended to confer a benefit on him when contracting; it is not enough that some benefit incidental to the performance of the contract may accrue to him." McPheeters v. McGinn,

---

[4] The Client Agreement states that "this Agreement and all the terms herein shall be governed and construed in accordance with the laws of the State of New York without giving effect to principles of conflict of laws" (Dkt. #26, Ex. 2, ¶7).

Smith and Co., Inc., 953 F. 2d 771, 773 (2d Cir. 1992). Moreover, "the requisite intent to confer a benefit directly upon the third party must clearly appear on the face of the agreement". New York State Energy Research and Development Authority v. Nuclear Fuel Services, Inc., 561 F. Supp. 954, 979 (W.D.N.Y. 1983) (Elfvin, J.); LaSalle National Bank v. Ernst & Young LLP, 285 A.D. 2d 101, 108-09 (1st Dept. 2001) ("the parties' intent to benefit the third party must be apparent from the face of the contract . . . . Absent clear contractual language evincing such intent, New York courts have demonstrated a reluctance to construe such an intent").

Nothing on the face of the Client Agreements suggests that the parties intended to benefit plaintiffs. Thus, regardless of whether they hoped to indirectly benefit from the accounts, plaintiffs cannot be considered third party beneficiaries of the Client Agreements, and therefore cannot be compelled to arbitrate pursuant to the terms of those agreements.

### B.   Citigroup's Motion for Interpleader Relief

Alternatively, Citigroup moves for interpleader relief pursuant to 28 U.S.C. §1335 and Fed. R. Civ. P. ("Rule") 22, seeking to be dismissed from the action upon depositing the disputed account proceeds with the court (Dkt. #26, Point IV). Plaintiffs respond that they "would agree to stipulate to Interpleader, and the liquidation of these assets for the Court to distribute" (Dkt. #32, pp. 4-5). However, when the parties appeared before me on April 18, 2008, plaintiff Joseph Kolodziej stated that he objected to this relief.

"Section 1335 requires the existence of five elements before interpleader relief is appropriate: the interpleader action must be brought by a stakeholder who has custody or possession of the funds that constitute the fund to be distributed; the action must concern the

-6-

minimal jurisdictional amount of $500; there must be two or more adverse claimants asserting a right to the fund; the adverse claimants must be of diverse citizenship as defined in 28 U.S.C. §1332; and the full amount disputed must be deposited in the Court registry." Compass Transportation Corp. v. Stengel, 1996 WL 483495, *3 (W.D.N.Y. 1996) (Elfvin, J.).

Citigroup is not an interested stakeholder, as it is not claiming an interest in the accounts. Because there are competing claims to these accounts, interpleader is appropriate and Citigroup should be discharged from liability for the funds deposited with the court.[5] However, plaintiffs have asserted claims against Citigroup alleging independent grounds for liability, including gross negligence, breach of fiduciary duty, and that it conspired with Ms. Gosciak to exert undue influence on Agnes Kolodziej (Dkt. #7, Eighth Cause of Action). Therefore, Citigroup may not be dismissed from the case. See CitiGroup Global Markets, Inc. v. KLCC Investments, LLC, 2007 WL 102128, *8 (S.D.N.Y. 2007) (finding that interpleader was appropriate and discharging the plaintiff stakeholder from liability for those funds, but declining to dismiss the plaintiff from the action because of counterclaims asserted against it alleging independent grounds for liability).

## CONCLUSION

For these reasons, Citigroup's motion to dismiss (Dkt. #25) is GRANTED in part, and DENIED in part. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

---

[5] On or before May 20, 2008, plaintiffs and Ms. Gosciak may submit a proposed consent judgment concerning how the proceeds of the accounts should be deposited and how these funds should be managed pending the final resolution of the competing claims. If no agreement is reached, the account proceeds will be deposited with the court.

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:  May 7, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge